# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KENNETH ARMSTRONG, | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 5:17-CV-00319-CAR-MSH |
| STATE OF GEORGIA, | : |
| Respondent. | : |

## ORDER

*Pro se* Petitioner Kenneth Armstrong filed a document that was construed as a petition seeking federal habeas relief under 28 U.S.C. § 2254 (ECF No. 1). In a notice of deficiency dated August 22, 2017, Petitioner was advised that he would be required to either pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis*. Petitioner was given twenty-one (21) days to comply and warned that the failure to fully and timely comply could result in the dismissal of his application for habeas relief.

Petitioner timely filed a motion for leave to proceed *in forma pauperis* and submitted an account certification form showing that he had an average monthly balance of $143.33 over the preceding six months. As such, the United States Magistrate Judge denied Petitioner's motion to proceed *in forma pauperis* and ordered Petitioner to pay the $5.00 filing fee. Petitioner was also advised that if his financial circumstances had changed and he was unable to pay the filing fee, he could file a renewed motion for leave to proceed *in forma pauperis* explaining such change in circumstances. Petitioner was also directed to recast his petition on the Court's standard form. Petitioner was given

twenty-one (21) days to comply, and he was warned that failure to fully and timely comply with the Court's order could result in dismissal of the action. Order, Oct. 11, 2017, ECF No. 4.

The time for compliance passed without a response from Petitioner. Petitioner was thus ordered to respond and show cause why his Petition should not be dismissed for failure to comply with the Court's orders and instructions. Petitioner was again given twenty-one (21) days to comply, and he was again warned that failure to fully and timely comply could result in dismissal of this case. Order, Dec. 11, 2017, ECF No. 5.

The time for compliance has now passed without a response from Petitioner.[1] Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's petition shall therefore be **DISMISSED without prejudice.**

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas

---

[1] The show cause order was returned to the Court as undeliverable with the notation "released," *see* Mail Returned, ECF No. 6, and the Court thus has no ability to contact Petitioner at his only address of record. A search of the Georgia Department of Corrections online offender query system also does not reveal Plaintiff's present whereabouts. *See* http://www.dcor.state.ga.us/GDC/Offender/Query (search "Armstrong, Kenneth") (last visited Feb. 1, 2018).

petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 2nd day of February, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT